# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. H-09-302** |
| | § | |
| **STEVEN JINWOO KIM** | § | |

## GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

The United States files with this Honorable Court its requested jury instructions.

Respectfully submitted,

Tim Johnson,
United States Attorney

By:    /S/Bret W. Davis
Bret W. Davis
Special Assistant U. S. Attorney
S.D. Tex. I.D. No. 718105
State Bar No. 05462100
P.O. Box 61129
Houston, Texas 77208
Tel:  (713) 567-9305
Fax: (713) 718-3406

## INSTRUCTION NO. __1__

## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules about this particular case, and finally I will explain to you procedures you should follow in your deliberations.

Pattern Jury Instructions, U.S. Fifth Circuit District Judges Association, 1.03 (2001).

## INSTRUCTION NO.   2

## DUTY TO FOLLOW INSTRUCTIONS, ETC.

You, as jurors, are the judges of the facts.  But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

Pattern Jury Instructions, U.S. Fifth Circuit, District Judges Association, 1.04 (2001).

## INSTRUCTION NO.   3

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent.  The law does not require a defendant to prove her innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].  The government has the burden of proving her guilty beyond a reasonable doubt, and if it fails to do so you must acquit her.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.


Pattern Jury Instructions, U.S. Fifth Circuit District Judges Association, 1.05 (2001).

## INSTRUCTION NO.   4

## EVIDENCE -- EXCLUDING ARGUMENT OF COUNSEL AND COMMENT OF COURT

As I told you earlier, it is your duty to determine the facts.  In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits.  Remember that any statements, objections, or arguments made by the lawyers are not evidence.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits.  You must disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.  Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence.  Do not consider any testimony or other evidence which has been stricken in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.   Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

Pattern Jury Instructions, U.S. Fifth Circuit District Judges Association, 1.06 (2001).

## INSTRUCTION NO. __5__

## EVIDENCE -- INFERENCES – DIRECT
## AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of  events and circumstances indicating that  something is or is not a fact.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Pattern Jury Instructions, U.S. Fifth Circuit District Judges Association, 1.07 (with Alternative B) (2001).

## INSTRUCTION NO.  6

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case.  You should decide whether you believe what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions:  Did the person impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each

witness said.

[The testimony of the defendant should be weighed and her credibility evaluated in the same way as that of any other witness].

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

<u>Pattern Jury Instructions</u>, U.S. Fifth Circuit District Judges Association, 1.08 (2001).

## INSTRUCTION NO.   7

## EXPERT WITNESS

During the trial you heard the testimony of _____, who has expressed opinions concerning _____.   If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion.  You should judge such testimony like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Pattern Jury Instructions, U.S. Fifth Circuit District Judges Association, 1.17 (2001).

**INSTRUCTION NO.   8  **

**SUMMARY POWER POINT**
**RECEIVED IN EVIDENCE**

A Power Point summary has been received in evidence.  A summary power point is valid only to the extent it accurately reflects the underlying supporting evidence.  You should give them only such weight as you think they deserve.

# INSTRUCTION NO. __9__

## SUMMARIES AND CHARTS RECEIVED IN EVIDENCE

Certain charts and summaries have been received into evidence.  Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence.  You should give them only such weight as you think they deserve.

Pattern Jury Instructions, U.S. Fifth Circuit, District Judges Association, No. 1.44 (2001).

## INSTRUCTION NO. __10__

## ON OR ABOUT

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

Pattern Jury Instructions, U.S. Fifth Circuit District Judges Association, 1.18 (2001).

13

## INSTRUCTION NO.   11

## CAUTION – CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.  The defendant is not on trial for any act or conduct or offense not alleged in the indictment.  Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

Pattern Jury Instructions, U.S. Fifth Circuit District Judges Association, 1.19 (2001).

14

## INSTRUCTION NO. __12__

## SINGLE DEFENDANT - MULTIPLE COUNTS

A separate crime is charged in each count of the indictment.  Each count, and the evidence pertaining to it, should be considered separately.  The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

Pattern Jury Instructions, U.S. Fifth Circuit District Judges Association, 1.21 (2001).

INSTRUCTION NO.    13

CAUTION – PUNISHMENT

If the defendant is found guilty, it will be my duty to decide what the punishment will be.  You should not be concerned with punishment in any way. It should not enter your consideration or discussion.


Pattern Jury Instructions, U.S. Fifth Circuit District Judges Association, 1.20 (2001).

## INSTRUCTION NO. __14__

## SIMILAR ACTS

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or the intent to commit the crime charged in the indictment; or

whether the defendant had a motive or the opportunity to commit the acts charged in the indictment; or

whether the defendant acted according to a plan or in preparation for commission of a crime; or

whether the defendant committed the acts for which she is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may

be considered.

Pattern Jury Instructions, U.S. Fifth Circuit District Judges Association, No. 1.30
(2001).

## INSTRUCTION NO.   15

## READING OF INDICTMENT - COUNT 1

It is charged in Count One of the Superseding Indictment that:  (please read Count One of the Indictment in its entirety), in violation of Title 18, United States Code, Section 1030(a)(5)(A)(i).

## INSTRUCTION NO.   16

## READING OF INDICTMENT - COUNT 2

It is charged in Count Two of the Superseding Indictment that:  (please read Count Two of the Indictment in its entirety), in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## INSTRUCTION NO.   17

## READING OF INDICTMENT - COUNT 3

It is charged in Count Three of the Superseding Indictment that:  (please read Count Three of the Indictment in its entirety), in violation of Title 18, United States Code, Section 1028A.

## INSTRUCTION NO.  18

## INTENTIONAL DAMAGE TO A PROTECTED COMPUTER
## (18 U.S.C. §§ 1030(a)(5)(A)(i))

The defendant is charged in Count One of the Superseding Indictment with transmitting a program, information, code, or command to a computer, intending to cause damage without authorization, in violation of Section 1030(a)(5)(A)(i) of Title 18 of the United States Code.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First, the defendant knowingly caused the transmission of a program, information, code, or command to a computer;

Second, as a result of the transmission, the defendant intentionally caused damage to a computer without authorization;

Third, the damage resulted in losses to one or more persons totaling at least $5,000 in value at any time during a one-year period beginning on or about April 30, 2008; and

Fourth, the computer damaged was used in interstate or foreign commerce or communication.

For purposes of these instructions, the term:

22

"computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device;

"damage" means any impairment to the integrity or availability of data, a program, a system, or information;

"loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service; and

"person" means any individual, firm, corporation, educational institution, financial institution, governmental entity, or legal or other entity.

"Used in interstate or foreign commerce or communication" means the computer was connected to and/or could be accessed from the Internet.

United States v. Hornaday, 392 F.3d 1306, 1310-1311 (11th Cir. 2004); United States v. MacEwan, 445 F.3d 237, 245 (3rd Cir. 2006); United States v. Horne, 474 F.3d 1004, 1006 (7th Cir. 2007); United States v. Trotter, 478

F.3d 918, 921 (8th Cir. 2007); <u>United States v. Sutcliffe</u>, 505 F.3d 944, 953

(9th Cir. 2007) <u>see also</u>, <u>Reno v. ALCU</u>, 521 U.S. 844, 849-854 (1997).

**INSTRUCTION NO.   19**

**"KNOWINGLY" - TO ACT**

The word "knowingly", as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

Pattern Jury Instructions, U.S. Fifth Circuit District Judges Association, 1.37 (2001).

INSTRUCTION NO.   20

## POSSESSION OF CHILD PORNOGRAPHY
## (18 U.S.C. §§ 2252A(a)(5)(B))

The defendant is charged in Count Two of the Superseding Indictment with Possession of Child Pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

Title 18, United States Code, Section 2252A(a)(5)(B) makes it a federal crime or offense for any person to knowingly possess any ... computer disk or any other material that contains an image of child pornography ... that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means ....

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:    That the Defendant knowingly possessed a computer disk that contained multiple images of child pornography; and

Second:    That such images had been produced using materials that had been mailed, or shipped, or transported in interstate or foreign commerce by any means; and

Third:    That at the time of such possession the Defendant believed that such images contained in the computer disk constituted child

pornography.

The term "knowingly," as used in all of the above instructions to describe the alleged state of mind of the defendant, means that the defendant acted knowingly if he acted intentionally and voluntarily. While a defendant does not act knowingly if he acts out of ignorance, mistake, accident or carelessness, knowledge is established if a person is aware of a high probability of its existence, unless he actually believes that the fact does not exist.

In this case, the term "knowingly" extends to an awareness that the material depicted child pornography. The United States must show that the defendant had knowledge of the general nature of the contents of the material. Although the defendant need not know the specific content of the material or the actual age of the underage subject, the defendant must have had an awareness, notice, reason to know, or a belief or ground for belief warranting further inspection, that the material contained child pornography.

Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant the inference that he was aware of what the material depicts. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant. O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 17.04 (5th ed.

2000) (modified to remove phrase "or what was happening around him"). *United States v. X-Citement Video, Inc. et al.*, 513 U.S. 64, 72 (1994) ("knowingly" in 18 U.S.C. § 2252 extends both to the sexually explicit nature of the materials and to the minority of the performers); *United States v. Brown, 25 F.3d 307* (6th Cir. 1994)( 18 U.S.C. § 2252 requires that the defendant know the general nature of the materials involved).

The term "interstate or foreign commerce" means the movement of property from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. It is not necessary for the Government to prove that the Defendant knew that the computer disk containing the alleged child pornography had moved in interstate or foreign commerce, only that it had so moved.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The term "child pornography" means any visual depiction including any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct .

The term "minor" means any person under the age of eighteen (18) years.

The term "sexually explicit conduct" means actual or simulated:

> (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;
>
> (b) bestiality;
>
> (c) masturbation;
>
> (d) sadistic or masochistic abuse; or
>
> (e) lascivious exhibition of the genitals or public area of any person.

Regarding the last type of sexually explicit conduct—"lascivious exhibition"—not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In determining whether a visual depiction constitutes a lascivious exhibition, you should consider the context and setting in which the genitalia or pubic area is being displayed. You may consider the overall content of the material. You may also consider such factors as whether the focal point of the

visual depiction is on the minor's genitalia or pubic area, or whether there is some other focal point. You may consider whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location or in a pose associated with sexual activity. In addition you may consider whether the minor appears to be displayed in an unnatural pose or in inappropriate attire. You may also consider whether the minor is partially clothed or nude. You may consider whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity, and whether the depiction appears to have been designed to elicit a sexual response in the viewer. Of course, a visual depiction need not involve all of these factors to be a lascivious exhibition.

Definitions of the relevant terms are taken from 18 USC § 2256. However, the key term "child pornography" is limited to the definitions given in 18 USC § 2256(8)(A).

Pattern Jury Instruction, Criminal-Eleventh Circuit (2003); *United States v. Dost*, 636 F.Supp 828, 832 (S.D.Ca 1986), *aff'd*, 813 F.2d 1231 (9th Cir. 1987); *United States v. Hill*, 142 Fed. Appx. 836 (5th Cir. 2005)(citing *Dost* with approval)(unpublished)

# INSTRUCTION NO.   21

## AGGRAVATED IDENTITY THEFT
## (18 U.S.C. §§ 1028A)

The defendant is charged in Count Three of the Superseding Indictment with knowingly transferring, possessing, and using, without lawful authority, a means of identification of another.  Title 18, United States Code, Section 1028A, makes it a crime for anyone, during and in relation to the commission of a violation of Title 18 United States Code, Section 1030(a)(5)(A)(i), to knowingly transfer, possess, or use, without lawful authority, a means of identification of another person.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

First:  That the defendant committed a violation of Title 18 United States Code, Section 1030(a)(5)(A)(i), as alleged in Count One of the Superseding Indictment; and

Second: That during and in relation to the commission of the violation of Title 18 United States Code, Section 1030(a)(5)(A)(i), the defendant knowingly transferred, possessed, or used, without lawful authority, a means of identification of another person; and

31

<u>Third</u>: That the defendant knew the means of identification belonged to another person.

The term "in relation to" means that the use of the means of identification must have had some purpose, role, or effect with respect to the violation of Title 18 United States Code, Section 1030(a)(5)(A)(i).

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any - name, social security number, date of birth, official State or government issued driver's license or identification number ...

<u>Flores-Figueroa v. United States</u>, 129 S.Ct. 1886 (2009).

## INSTRUCTION NO.  22

## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Remember at all times, you are judges - judges of the facts.  Your sole interest is to seek the truth from the evidence in the case, to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations,  the foreperson should write the message and give it to the marshal.  I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

Pattern Jury Instructions, U.S. Fifth Circuit District Judges Association, 1.24 (2001).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Government's

Requested Jury Instructions was delivered to Defendant's attorney, John S.

Cossum, Counsel for Kim, via email address (jcossum@cossumlaw.com) on this

25th day of September, 2009.


/S/ Bret W. Davis
Bret W. Davis
Special Assistant United States Attorney


John S. Cossum
440 Louisiana, Suite 900
Houston, Texas 77002
(713) 222-6134
(713) 222-6144 (Fax)