**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CRIM NO. H-09-302** |
| | § | |
| **STEVEN JINWOO KIM** | § | |

_____

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

_____

The following jury instruction where noted with a PJI number, are taken from the Pattern Jury Instructions from the Fifth Circuit Court of Appeals.  Otherwise, they are worded as requested on behalf of Mr. Kim.

Respectfully submitted,

 /s/ John S. Cossum_____
JOHN S. COSSUM
TBN # 04854500
440 Louisiana, Suite 900
Houston, Texas 77002
Tele:   (713) 222-6134
Fax:    (713) 222-6144
jcossum@cossumlaw.com

ATTORNEY IN CHARGE OF DEFENDANT,
STEVEN JINWOO KIM

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Proposed Jury Instructions was delivered to counsel for the United States of America, Tim Johnson, Bret W. Davis and Thomas Dukes, via electronic transmission, on this the 25th day of September, 2009.

/s/ John S. Cossum
John S. Cossum

ATTORNEY IN CHARGE OF DEFENDANT,
STEVEN JINWOO KIM

**<u>DEFENSE REQUESTED INSTRUCTION 1.</u>**

**PJI 1.03**

**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## DEFENSE REQUESTED INSTRUCTION NO 2.

### PJI 1.04

### DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened - that is, in reaching your decision as to the facts - it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## DEFENSE REQUESTED INSTRUCTION NO 3.

### PJI 1.05

### PRESUMPTION OF INNOCENCE,
### BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].  The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

## DEFENSE REQUESTED INSTRUCTION NO 4.

### PJI 1.06

### EVIDENCE - EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts.  In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits.  Remember that any statements, objections, or arguments made by the lawyers are not evidence.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits.  You must disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.  Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence.  Do not consider any testimony or other evidence which has been stricken in reaching your decision.  Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

## DEFENSE REQUESTED INSTRUCTION NO 5.

## PJI 1.08

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.  You should decide whether you believe all or any part of what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest?  Did th witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have a good memory?  Did the witness clearly see or hear the things about which he testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testify8ing for one side on that point.

## DEFENSE REQUESTED INSTRUCTION NO 6.

### PJI 1.17

### EXPERT WITNESS

During the trial you heard the testimony of _____, who has expressed opinions concerning _____.  (Repeat as needed for each expert with an introductory: Also...)

If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion.  You should judge such testimony like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## <u>DEFENSE REQUESTED INSTRUCTION NO 7.</u>

### PJI 1.19

### CAUTION - CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.  The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.  Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## **DEFENSE REQUESTED INSTRUCTION NO 8.**

### **PJI 1.21**

### **SINGLE DEFENDANT - MULTIPLE COUNTS**

A separate crime is charged in each count of the indictment.  Each count and the evidence pertaining to it should be considered separately.  The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

## DEFENSE REQUESTED INSTRUCTION NO 9.

## PJI 1.24

## DUTY TO DELIBERATE - VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges - judges of the facts.  Your sole duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you're here in the courtroom.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal.  I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

**DEFENSE REQUESTED INSTRUCTION NO 10.**

**PJI 1.29**

**IDENTIFICATION TESTIMONY**

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, of course, the identity of the defendant as the perpetrator of the alleged offense or offenses.

In evaluating the identification testimony of a witness you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider, in particular, whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified.  You may consider, in that regard, such matters as the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

**DEFENSE REQUESTED INSTRUCTION NO 11.**

**PJI 1.31**

**POSSESSION**

Possession, as that term is used in this case, may be of two kinds: actual possession and constructive possession.  A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

Possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession, as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

## <u>DEFENSE REQUESTED INSTRUCTION NO 12.</u>

### PJI 1.43

### SUMMARIES AND CHARTS NOT
### RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you solely to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case.  These charts and summaries are not evidence or proof of any facts.  You should determine the facts from the evidence.

## DEFENSE REQUESTED INSTRUCTION NO 13.

### INTENTIONAL DAMAGE TO A PROTECTED COMPUTER
### (18 U.S.C. §§ 1030 (a)(5)(I)

THE DEFENDANT IS CHARGED IN Count One of the Superseding Indictment with transmitting a program, information, code, or command to a computer, intending to cause damage without authorization, in violation of Section 1030(a)(5)(A)(I) of Title 18 of the United States Code as follows:

**(Read Indictment Count)**

For you to find a defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

First, the defendant knowingly caused the transmission of a program, information, code, or command to a computer;

Second, as a result of the transmission, the defendant intentionally caused damage to a computer without authorization;

Third, the damage resulted in losses to one or more persons totaling at least $5,000 in value at any time during a one-year period beginning on or about April 30, 2008; and

Fourth, the computer damaged was used in interstate or foreign commerce or communication.

For purposes of these instructions, the term:

"computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter typesetter, a portable hand held calculator, or other similar device;

"damage" means any impairment to the integrity or availability of data, a program, a system, or information;

"loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service; and

"person" means any individual, firm, corporation, educations institution, financial institution, governmental entity, or legal or other entity.

"Used" in interstate or foreign commerce or communication" means the computer was connected to and/or could be assessed from the internet.

## DEFENSE REQUESTED INSTRUCTION NO 14.

### PJI 1.37

**"KNOWINGLY" - TO ACT**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

**DEFENSE REQUESTED INSTRUCTION NO 15.**

**PJI 1.33**

**LESSER INCLUDED OFFENSE**

We have just talked about what the government has to prove for you to convict the defendant of the crime charged in Count 1 of the indictment, computer intrusion, during which the defendant intentionally caused damage, without authorization to a protected computer.

Your first task is to decide whether the government has proved, beyond a reasonable doubt, that the defendant committed that crime.  If your verdict on that is guilty, you are finished.  But if your verdict is not guilty, or if after all reasonable efforts, you are unable to reach a verdict, you should go on to consider whether the defendant is guilty of computer intrusion, during which damage was caused to a protected computer.

You should find the defendant guilty of computer intrusion during which damage was caused to a protected computer if the government has proved, beyond a reasonable doubt, that the defendant did everything we discussed before except that it did not prove that it was the defendant's intent to cause the damage that occurred to a protected computer.

Of course, if the government has not proved beyond a reasonable doubt that the defendant committed the crime of computer intrusion causing damage, your verdict must be not guilty of all of the charges.

## DEFENSE REQUESTED INSTRUCTION NO 16.

### POSSESSION OF CHILD PORNOGRAPHY
### (18 U.S.C. §§ 2252A(a)(5)(B)

The defendant is charged in count Two of the Superseding Indictment with Possession of Child Pornography in violation of Title 18, united States Code, Section 2252A(a)(B) as follows:

**(INSERT COUNT 2 OF INDICTMENT)**

Title 18, United States Code, Section 2252A(a)(B) makes it a federal crime or offense for any person to knowingly possess any … computer disk or any other material that contains an image of child pornography … that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means …

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:   That the defendant knowingly possessed a computer disk that contained multiple images of child pornography; and

Second:   That such images had been produced using materials that had been mailed, or shipped, or transported in interstate or foreign commerce by any means; and

Third:   That at the time of such possession the Defendant believed that such images contained in the computer disk constituted child pornography.

The term "knowingly", as used in all of the above instructions to describe the alleged state of mind of the defendant, means that the defendant acted knowingly if he acted intentionally and voluntarily. While a defendant does not act knowingly if he acts out of ignorance, mistake, accident or

carelessness, knowledge  is established if a person is aware of a high probability of its existence, unless he actually believes that the fact does not exist.

In this case, the term "knowingly" extends to an awareness that the material depicted child pornography.  The United States must show that the defendant had knowledge of the general nature of the contents of the material.  Although the defendant need not know the specific content of the material or the actual age of the underage subject, the defendant must have had an awareness, notice, reason to know, or a belief or ground for belief warranting further inspection, that the material contained child pornography.

Such knowledge may be shown by direct or circumstantial evidence, or both.  Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant the inference that he was aware of what the material depicts.

The term "interstate or foreign commerce" means the movement of property from one state to another or from one state to another country.  The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.  It is not necessary for the Government to prove that the Defendant knew that the computer disk containing the alleged child pornography had moved in interstate or foreign commerce, only that it had so moved.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter typesetter, a portable hand held

calculator, or other similar device;

The term "child pornography" means any visual depiction including any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen (18) years.

The term, "sexually explicit conduct" means actual or simulated:

1.  sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between  persons of the same or opposite sex;

2.  bestiality;

3.  masturbation;

4.  sadistic or masochistic abuse; or

5.  lascivious exhibition of the genitals or pubic area of any person.

Regarding the last type of sexually explicit conduct – "lascivious exhibition" – not every exposure of the genitals or pubic area constitutes a lascivious exhibition.  In determining whether a visual depiction constitutes a lascivious exhibition, you should consider the contest and setting in which the genitalia or pubic area is being displayed.  You may consider the overall content of the material.  You may also consider such factors as whether the focal point of the visual depiction is on the minor's genitalia or pubic area, or whether there is some other focal point.  You may consider whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location of in a pose associated with sexual activity.  In addition you may consider whether the minor appears to

be displayed in an unnatural pose or in inappropriate attire.  You may also consider whether

the minor is partially clothed or nude.  You may consider whether the depiction appears to

convey sexual coyness or an apparent willingness to engage in sexual activity, and whether

the depiction appears to have been designed to elicit a sexual response in the viewer.  Of

course, a visual depiction need not involve all of these factors to be a lascivious exhibition.

## DEFENSE REQUESTED INSTRUCTION NO 17.

### AGGRAVATED IDENTITY THEFT
### (18 U.S.C. § 1028A)

The defendant is charged in Count Three of the Superseding Indictment with knowingly transferring, possessing, and using, without lawful authority, a means of identification of another.  Title 18, United States Code, Section 1028A, makes it a crime for anyone, during and in relation to the commission of a violation of Title 18 United States Code, Section 1030(a)(5)(A)(I), to knowingly transfer, possess, or use, without lawful authority, a means identification of another person as follows:

**(INSERT COUNT 3 OF  INDICTMENT)**

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

First:    That the defendant committed a violation of Title 18 United States Code, Section 1030(a)(5)(A)(I), as alleged in Count One of the Superseding Indictment; and;

Second:   That during and in relation to the commission of the violation of 18 United States Code, Section 1030(a)(5)(A)(I), the defendant knowingly transferred, possessed, or used, without lawful authority, a means of identification of another person; and

Third:    That the defendant knew the means of identification belonged to another person.

Page 25 of 26

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any – name, social security number, date of birth, official State or government issued driver's license or identification number